# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RENE GEOVANY ALFARO,<br><br>       Petitioner,<br>v.<br><br>WARDEN CALVIN JOHNSON, et al.,<br><br>       Respondents. | Case No. 2:21-cv-01831-RFB-DJA<br><br>**ORDER** |

  Petitioner Rene Geovany Alfaro, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner's Application for Leave to Proceed *in forma pauperis* (ECF No. 7). For the reasons discussed below, the Court orders Alfaro to show cause in writing within 60 days as to why this action should not be dismissed without prejudice for failure to exhaust his claims in state court.[2]

  Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See <u>Valdez v. Montgomery</u>, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1128 (9th Cir. 1998); <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

  Alfaro challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). <u>State of Nevada v. Rene Geovany Alfaro</u>, Case No. C-16-314818-1.[3] On April 17, 2019, the state court entered a judgment of conviction for voluntary

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Alfaro has filed a motion for appointment of counsel, which the Court defers consideration of until after he has responded to the order to show cause.

[3] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and

1

manslaughter with use of a deadly weapon and ownership or possession of firearm by prohibited person. Alfaro appealed and the Nevada Court of Appeals reversed and remanded to the state district court with instructions to conduct a restitution hearing. On October 20, 2020, the state court entered an amended judgment of conviction and sentenced Alfaro to 48 to 120 months for voluntary manslaughter with a consecutive enhancement of 48 to 120 months for the use of a deadly weapon as well as a concurrent term of 28 to 72 months for the ownership or possession of firearm by prohibited person.

On January 27, 2020, Alfaro filed a state petition for writ of habeas corpus. Rene Alfaro v. Brian Williams, Case No. A-20-809250-W. The state court denied post-conviction relief. On February 2, 2022, Alfaro filed another state petition for writ of habeas corpus. Rene Alfaro v. Calvin Johnson, Case No. A-22-847660-W. It appears this matter remains pending in state court.

On October 5, 2021, Petitioner initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1-1.) The Court instructed him to file an amended petition on the Court's required form and file an IFP application or pay the $5 filing fee, and he complied. (ECF Nos. 4, 6, 7.) Having reviewed his application, the Court grants Alfaro's Application for Leave to Proceed *in forma pauperis* (ECF No. 7.) Alfaro acknowledges that he did not file a post-conviction appeal to the Nevada appellate courts and that the grounds alleged in his federal petition have not been presented to the Nevada appellate courts. (ECF No. 7-1 at 2.)

Here, it appears likely that Garcia's petition is wholly unexhausted in state court and is subject to dismissal without prejudice. A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v.

---

Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan, 526 U.S. at 844–45; Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); Vang v. Nevada, 329 F.3d 1069, 1075 (9th Cir. 2003). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief'." Woods, 764 F.3d at 1129 (quoting Gray v. Netherland, 518 U.S. 152, 162–63 (1996)); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Alfaro acknowledges that he has not presented any claims alleged in his federal habeas petition to the Nevada appellate courts. Accordingly, Alfaro will be required to show cause why this action should not be dismissed because of his failure to exhaust in state court.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Application for Leave to Proceed *in forma pauperis* (ECF No. 7) is GRANTED.

2. The Clerk of the Court shall file Petitioner Rene Geovany Alfaro's Petition for Writ of Habeas Corpus (ECF No. 7-1.) The Clerk of the Court shall not serve Respondents with the habeas corpus petition at this time.

3. Petitioner must file within 60 days of the date of this order, a "Response to Order to Show Cause," in writing, showing cause why this action should not be dismissed without prejudice based on his failure to exhaust his claims in Nevada Courts. Petitioner's response must be factually detailed, and, where possible, supported by

///
///
///
///

exhibits.

4. If Petitioner fails to timely and fully comply with this order, the Court will dismiss this action without prejudice and without further advance notice.

DATED this 2nd day of May, 2022.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE