# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RENE GEOVANY ALFARO, | Case No. 2:21-cv-01831-RFB-DJA |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN CALVIN JOHNSON, et al., | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Rene Geovany Alfaro's Response to Order to Show Cause (ECF No. 8) and Motion for Appointment of Counsel (ECF No. 3).

**Discussion**

As stated in the Court's order to show cause, Alfaro challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). State of Nevada v. Rene Geovany Alfaro, Case No. C-16-314818-1. On April 17, 2019, the state court entered a judgment of conviction for voluntary manslaughter with use of a deadly weapon and ownership or possession of firearm by prohibited person. Alfaro appealed and the Nevada Court of Appeals reversed and remanded to the state district court with instructions to conduct a restitution hearing. On October 20, 2020, the state court entered an amended judgment of conviction and sentenced Alfaro to 48 to 120 months for voluntary manslaughter with a consecutive enhancement of 48 to 120 months for the use of a deadly weapon as well as a concurrent term of 28 to 72 months for the ownership or possession of firearm by prohibited person.

On January 27, 2020, Alfaro filed a state petition for writ of habeas corpus. Rene Alfaro v. Brian Williams, Case No. A-20-809250-W. The state court denied post-conviction relief. On February 2, 2022, Alfaro filed another state petition for writ of habeas corpus. Rene Alfaro v. Calvin Johnson, Case No. A-22-847660-W. It appears this matter remains pending in state court. Alfaro acknowledged that he has not presented any claims alleged in his federal habeas petition to the Nevada appellate courts. The Court instructed Alfaro to show cause why this action should not

be dismissed because of his failure to exhaust in state court. ECF No. 8. In addition, the Court informed Alfaro that federal courts are authorized to stay an unexhausted petition to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. Rhines v. Weber, 544 U.S. 269, 273–75 (2005).

In his response, Alfaro asserts that he filed a state post-conviction habeas petition and has been appointed counsel. ECF No. 10 at 5. Alfaro asserts that he was unable to get into contact with his counsel and that he did not realize he did not exhaust his habeas claims in state court until he reviewed the federal form petition. *Id*. at 4. Based on his trial counsel's representations, he believed he had until June 29, 2021 to file a petition. *Id*. at 3. He further requests a stay to exhaust his claims in state court. *Id*. at 2, 5.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the district courts' discretion to facilitate habeas petitioners' return to state court to exhaust claims:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, *stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court*. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Id. at 277 (emphasis added). The Rhines Court further held that a district court would likely abuse its discretion by denying a stay and dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

The Ninth Circuit has acknowledged that the Rhines "good cause" standard does not require "extraordinary circumstances." Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008); Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. E.g., Riner v. Crawford, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under Rhines, at least in this Circuit, should not be so strict

a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." Id. Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. Id. (citing Pace v. DiGuglielmo, 544 U.S. 408, 416–17 (2005)). Ineffective assistance of post-conviction counsel or a lack of counsel can also constitute good cause. Blake v. Baker, 745 F.3d 977, 982–83 (9th Cir. 2014); Dixon v. Baker, 847 F.3d 714, 721 (9th Cir. 2017) (a "statement that 'there was no counsel' in [the petitioner's] state post-conviction case is sufficient to establish good cause") (quoting Martinez v. Ryan, 566 U.S. 1, 17 (2012)).

The Court finds good cause exists based on Alfaro's confusion over whether his petition would be timely filed. The Court further finds that the unexhausted grounds are not "plainly meritless," and that Alfaro has not engaged in intentionally dilatory litigation tactics. Because Alfaro has satisfied Rhines, this habeas action will be stayed and held in abeyance until he has presented his claims to the Nevada courts.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (ECF No. 3) is DENIED without prejudice.

2. Petitioner's request for a stay and abeyance is GRANTED. This action is STAYED pending exhaustion of the unexhausted claims in the petition.

3. The stay is conditioned upon Petitioner litigating his state petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada or Nevada Court of Appeals at the conclusion of the state court proceedings.[1]

4. The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action, until such time as this Court grants a motion to reopen the matter.

5. The Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. Cf. Lawrence v. Florida, 549 U.S. 327, 335 (2007).

all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED this 12th day of July 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE