# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RENE GEOVANY ALFARO, | Case No. 2:21-cv-01831-RFB-DJA |
| Petitioner, | |
| v. | ORDER |
| WARDEN CALVIN JOHNSON, et al., | |
| Respondents. | |

Before the Court are Petitioner Rene Geovany Alfaro's Motion to Reopen Case (ECF No. 14), Motion for Appointment of Counsel (ECF No. 15), Motion to Acquire Documents (ECF No. 19), and Motion to Acquire Status of Federal Habeas Corpus (ECF No. 20).

Alfaro challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). State of Nevada v. Rene Geovany Alfaro, Case No. C-16-314818-1. On April 17, 2019, the state court entered a judgment of conviction for voluntary manslaughter with use of a deadly weapon and ownership or possession of firearm by prohibited person. Alfaro appealed and the Nevada Court of Appeals reversed and remanded to the state district court with instructions to conduct a restitution hearing. On October 20, 2020, the state court entered an amended judgment of conviction and sentenced Alfaro to 48 to 120 months for voluntary manslaughter with a consecutive enhancement of 48 to 120 months for the use of a deadly weapon as well as a concurrent term of 28 to 72 months for the ownership or possession of firearm by prohibited person.

On January 27, 2020, Alfaro filed a state petition for writ of habeas corpus. Rene Alfaro v. Brian Williams, Case No. A-20-809250-W. The state court denied post-conviction relief. On February 2, 2022, Alfaro filed another state petition for writ of habeas corpus. Rene Alfaro v. Calvin Johnson, Case No. A-22-847660-W. On October 5, 2021, Alfaro initiated this federal habeas corpus proceeding. ECF No. 1.

Because Alfaro acknowledged that he had not presented any claims alleged in his federal

habeas petition to the Nevada appellate courts and that his second state habeas petition remained pending in state court, the Court instructed Alfaro to show cause why this action should not be dismissed because of his failure to exhaust in state court. ECF No. 8. In his response, Alfaro asserted he had been appointed counsel in his state court postconviction proceedings and requested a stay to exhaust his claims in state court. ECF No. 10. The Court granted his request to stay the case pending exhaustion of his claims in state court. ECF No. 11. Alfaro now moves to reopen these federal habeas proceedings and requests appointment of counsel.

The Court finds that appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure, and the number and complexity of potential claims. Alfaro commenced this federal action indicating that his claims were not exhausted in state court. Given the myriad of potential procedural obstacles Alfaro's situation presents, his request for appointment of counsel accordingly is granted.

**IT IS THEREFORE ORDERED:**

1. Petitioner Rene Geovany Alfaro's Motion to Reopen Case (ECF No. 14) is **GRANTED**. The stay is lifted, and the Clerk of the Court is directed to reopen this case.

2. Alfaro's Motion for Appointment of Counsel (ECF No. 15) is **GRANTED**.

3. Alfaro's Motion to Acquire Documents (ECF No. 19), and Motion to Acquire Status of Federal Habeas Corpus (ECF No. 20) are **DENIED as moot**.

4. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

5. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

6. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

7. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

**DATED:** September 30, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**